Liang v. Holder

BIA
Abrams, IJ
A099 930 516

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:
 RALPH K. WINTER,
 JOHN M. WALKER, JR.,
 ROBERT A. KATZMANN,
  *Circuit Judges*.
_____

GUI YONG LIANG,
 *Petitioner*,

 v.                                    12-928
                                       NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
 *Respondent*.
_____

FOR PETITIONER:        Eric Y. Zheng, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Erica B. Miles,
                       Senior Litigation Counsel; Jesse
                       Lloyd Busen, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Gui Yong Liang, a native and citizen of the People's Republic of China, seeks review of a February 10, 2012, order of the BIA, affirming the November 19, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gui Yong Liang*, No. A099 930 516 (B.I.A. Feb. 10, 2012), *aff'g* No. A099 930 516 (Immig. Ct. New York City Nov. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely

2

under 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), because Liang raises no such challenge to the agency's determination that he failed to file within one year of his entry to the United States, we lack jurisdiction to review the denial of asylum. *See* U.S.C. § 1158(a)(2)(B), (D); *Gui Yin Liu v. INS*, 508 F.3d 716, 721-22 (2d Cir. 2007). We also lack jurisdiction to review Liang's unexhausted challenge to the denial of CAT relief. Accordingly, we review only the agency's denial of withholding of removal.

The BIA did not err in finding that Liang was ineligible for withholding of removal based on his failure to demonstrate that he suffered past persecution on account of his opposition to China's family planning policies. *See* *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); 8 C.F.R § 1208.16(b)(1) (if an alien is determined to have suffered past persecution, it shall be presumed that his life or freedom would be threatened in the future). Contrary to Liang's argument, the agency properly considered the context of the incident in which Chinese family planning officials punched and kicked him and determined that this

3

single occurrence did not rise to the level of persecution, as it was without aggravating factors such as arrest, detention, or serious injury to Liang. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006); *Jian Qui Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (per curiam). While Liang also argues that the forced sterilization of his wife constituted additional persecution which should be considered cumulatively, this argument is unexhausted, as he did not raise it before the BIA, and we decline to consider it. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4